UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED

OSVALDO RODRIGUEZ,

        Plaintiff,

v.

Case No.:

3:13-cv-122-J-34JBT

FEDERAL RESERVE BANK
OF ATLANTA

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. This is a suit for damages and injunctive relief under Florida Statute Section 440.205, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), 42 U.S.C. §1981, and the Florida Civil Rights Act of 1992, Fla. Stat. Chapter 760 *et seq.* brought to remedy employment discrimination based unlawful retaliation, race and national origin.

## PARTIES

2. At all times relevant to this Complaint, Plaintiff is Hispanic and was born in Cuba.

3. Defendant Federal Reserve Bank of Atlanta is a nationally chartered federal institution organized and existing under the laws of the United States of America doing business in Duval County, Florida. At all times relevant to this

Complaint, Defendant was Plaintiff's employer.

## CONDITIONS PRECEDENT

4. Plaintiff complied with all conditions precedent to the filing of this claim required by the Florida Civil Rights Act of 1992, §760.11 Florida Statutes. A timely charge of discrimination was filed with the Florida Commission on Human Relations within 365 days of the discriminatory acts complained of herein. Said charge of discrimination was pending more than 180 days without any determination being made by the Florida Commission on Human Relations, and this action was commenced within four years of the discriminatory acts complained of by Plaintiff. Plaintiff also filed this suit within 90 days of receiving the right to sue notice from the EEOC.

## STATEMENT OF THE FACTS

5. Plaintiff was employed as a police officer with Defendant from or on or about 2004 until Plaintiff's unlawful termination on or about September 6, 2011.

6. Defendant informed Plaintiff that he could not speak Spanish while on duty. Plaintiff complained that this was discrimination based upon race and/or nation origin.

7. On or about July 2, 2011, Plaintiff suffered a gun shot injury while on duty. As a result, Plaintiff asserted his rights under Florida Worker's Compensation Law.

8. On September 6, 2011, Defendant informed Plaintiff that Plaintiff's employment was terminated because of his negligent handling of his firearm.

9. Defendant's reason for terminating Plaintiff's employment was false and pretextual.

10. Defendant treated Plaintiff differently from other employees who are not Hispanic and/or born in Cuba and/or who did not complain of unlawful retaliation.

11. Defendant offered Plaintiff a severance agreement contingent upon Plaintiff releasing Defendant from all liability resulting from Defendant's termination of Plaintiff.

## COUNT I

## UNLAWFUL WORKER'S COMPENSATION RETALIATION IN VIOLATION OF FLA. STAT. SECTION 440.205

12. Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 11.

13. Plaintiff asserted his rights under Florida's Compensation Law. Plaintiff is therefore protected by Fla. Stat. Section 440.205.

14. This protected activity described above was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

15. As a direct and proximate result of this conduct, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental distress.

16. Plaintiff hired an attorney to represent him in this matter and has incurred and will continue to incur attorneys' fees and costs.

WHEREFORE, Plaintiff demands a trial by jury on all issues so triable and relief in the form of economic damages, back pay and front pay, compensatory and emotional distress damages, equitable relief and reinstatement, prejudgment interest, reimbursement for costs, punitive damages, attorneys' fees pursuant to Fla. Stat. 448.08, and any other relief available in law or equity.

## COUNT II

### UNLAWFUL RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

17. Plaintiff hereby restates and realleges each and every allegation contained in paragraphs 1 through 11.

18. Defendant unlawfully retaliated against Plaintiff based upon his asserting his legal rights and having complained of discrimination as described above.

19. Defendant's conduct described above constitutes a violation of the Federal Civil Rights Act.

20. Defendant's course of conduct described above was willful, malicious and with a reckless disregard of Plaintiff's rights under Federal law. As a result of said discrimination, the Plaintiff has suffered damages.

21. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental distress.

22. Plaintiff retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands relief in the form of back pay, front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering inconvenience, mental anguish, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## COUNT III

### UNLAWFUL DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

23. Plaintiff hereby restates and realleges each and every factual allegation contained in paragraphs 1 through 11.

24. Plaintiff's race was a motivating factor in Defendant's decision to terminate Plaintiff.

...

25. Defendant's conduct described above constitutes a violation of Title VII of the Federal Civil Rights Act of 1964, as amended.

26. Defendant's course of conduct described above was willful, malicious and with a reckless disregard of Plaintiff's rights under Federal law. As a result of said discrimination, the Plaintiff has suffered damages.

27. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental distress.

28. Plaintiff retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands relief in the form of back pay, front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering inconvenience, mental anguish, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## COUNT IV

### UNLAWFUL RETALIATION IN VIOLATION OF 42 U.S.C. SECTION 1981

29. Plaintiff hereby restates and realleges each and every factual allegation contained in paragraph 1 through 11.

30. Defendant unlawfully retaliated against Plaintiff based upon his asserting his legal rights and having complained of discrimination as described above.

31. Defendant's conduct described above constitutes a violation of 42 U.S.C. §1981.

32. Defendant's course of conduct described above was willful, malicious and with a reckless disregard of Plaintiff's rights under Federal law. As a result of said discrimination, the Plaintiff has suffered damages.

33. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental distress.

34. Plaintiff retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands relief in the form of back pay, front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering inconvenience, mental anguish, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## COUNT V

## UNLAWFUL RACE DISCRIMINATION IN
## VIOLATION OF 42 U.S.C. §1981

35. Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 11.

36. Plaintiff's race was a motivating factor in Defendant's decision to terminate Plaintiff's employment. Defendant's conduct violated 42 U.S.C. §1981.

37. The reason articulated by Defendant for Plaintiff's termination is a pretext for unlawful discrimination based on race. Moreover, Defendant treated Plaintiff differently than other employees who are not Hispanic and/or born in Cuba.

38. The race discrimination described above was done intentionally, willfully, maliciously, and with a reckless disregard for Plaintiff's rights under federal law.

39. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental distress.

40. Plaintiff has retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay and front pay, loss benefits, compensatory damages, damages for future

8

pecuniary losses, emotional pain, suffering inconvenience, mental anguish, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## COUNT VI

### UNLAWFUL RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, FLORIDA STATUTES §760.01 *ET SEQ.*

41. Plaintiff hereby restates and realleges each and every allegation contained in paragraphs 1 through 11.

42. Defendant unlawfully retaliated against Plaintiff based upon his asserting his legal rights and having complained of discrimination as described above.

43. Defendant's conduct described above constitutes a violation of the Florida Civil Rights Act.

44. Defendant's course of conduct described above was willful, malicious and with a reckless disregard of Plaintiff's rights under Florida law. As a result of said discrimination, the Plaintiff has suffered damages.

45. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental distress.

46. Plaintiff retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands relief in the form of back pay, front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional paid, suffering inconvenience, mental anguish, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## COUNT VII

### UNLAWFUL DISCRIMINATION BASED ON RACE IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, FLORIDA STATUTE §760.01 *ET SEQ.*

47. Plaintiff hereby restates and realleges each and every factual allegation contained in paragraphs 1 through 11.

48. Plaintiff's race was a motivating factor in Defendant's decision to terminate Plaintiff.

49. Defendant's conduct described above constitutes a violation of Florida Civil Rights Act.

50. Defendant's course of conduct described above was willful, malicious and with a reckless disregard of Plaintiff's rights under Florida law. As a result of said discrimination, the Plaintiff has suffered damages.

51. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental distress.

52. Plaintiff retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands relief in the form of back pay, front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all the issues so triable.

Respectfully submitted,

MAGID & WILLIAMS, P.A.
3100 University Boulevard South
Suite 115
Jacksonville, Florida 32216
(904) 725-6161 (Telephone)
(904) 725-3410 (Facsimile)

_____
Leonard S. Magid, Esquire
Florida Bar No. 0717101
P. Daniel Williams, Esquire
Florida Bar No. 0036625
Attorneys for Plaintiff